## Supplemental Unemployment Benefit Plan Payments

HARRY J. RUBIN, Deputy Attorney General, HER-
BERT B. COHEN, Attorney General, November 30, 1956.
—You have requested this department to advise you
whether payments made by employers pursuant to
the terms of supplemental unemployment benefit
plans * are subject to the contribution provisions of
the Unemployment Compensation Law of December 5,
1936, P. L. (1937) 2897.

Under section 301 of the Pennsylvania Unemploy-
ment Compensation Law, employer contributions are
based upon a percentage of wages paid by him for
employment: Act of December 5, 1936, P. L. (1937)
2897, sec. 301, 43 PS §781. Therefore, the determina-
tion of whether supplemental unemployment benefit
payments are subject to contribution depends, pri-
marily, on whether such payments are wages as de-
fined in the act.

The definition of "wages" is contained in section
4(x) of the act. It states:

" 'Wages' means all remuneration, (including the
cash value of mediums of payments other than cash),
paid by an employer to an individual with respect to
his employment . . ."; Act of December 5, 1936, P. L.
(1937) 2897, sec. 4(x), 43 PS §753.

In Pendleton Unemployment Compensation Case,
167 Pa. Superior Ct. 256, 75 A 2d 3 (1950), the
court held that pension payments are not wages with-
in the meaning of this provision or "remuneration"
under section 4(u) in determining whether or not the
recipient was disqualified from receiving benefits. It
also noted that payments by an employer to a pension
fund are not "wages" under the exclusion, in section

---

* A "supplemental unemployment benefit plan" is a program
under which a private industry pays stipulated amounts to laid-off
workers during the period of layoff in addition to the unemploy-
ment benefits these workers receive from the State. Such plans
are popularly known as guaranteed annual wage plans.

$4(x)$ $(2)$ $(i)$, for payments made into a fund for retirement purposes.

In Formal Opinion No. 658, issued January 26, 1956, 5 D. & C. 2d 627, we stated, in referring to supplemental unemployment benefits:

". . . they are similar to payments made currently by an employer into a retirement or pension fund or into a workmen's compensation fund. If, as indicated by the Court in the *Pendleton* decision, the ultimate receipt of benefits from such funds does not constitute 'remuneration' under the Unemployment Compensation Law, it follows that the receipt of benefits from the trust funds . . . likewise do not constitute 'remuneration'."

This analogy is pertinent to the present case. We are of the opinion, therefore, that such contributions are not "remuneration," and, hence, not "wages," within the meaning of section $4(x)$.

It should be noted, also, that the Federal Internal Revenue Service has ruled that such contributions are deductible from gross income as business expenses for income tax purposes: Rev. Rul. 56-102, 1956-12, 5. The service also has stated that these contributions are not "wages" under the Federal unemployment tax act: Internal Revenue Code of August 16, 1954, 68A Stat. 447, sec. 3306($b$). Since, under section $4(x)$ (6) of the Pennsylvania Unemployment Compensation Law, payments deemed "wages" under the Federal act are also deemed such under the Pennsylvania act, a negative implication supports our conclusion that such payments are not "wages" under section $4(x)$ of the Pennsylvania law.

Accordingly, you are advised that payments made by employers pursuant to the terms of supplemental unemployment benefit plans are not subject to the contribution provisions of the Pennsylvania Unemployment Compensation Law.